LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID FORTNEY and ELI TRIPLETT individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br>vs.<br>WALMART, INC.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br><br><br>**JURY TRIAL DEMANDED** |

**I.     COLLECTIVE ACTION COMPLAINT**

1.     Plaintiffs David Fortney and Eli Triplett (hereinafter referred to as "Plaintiffs") by and through their undersigned attorney, Michael L. Fradin, bring this action on behalf of themselves and all others similarly situated, based upon personal knowledge as to themselves and on information and belief as to all other matters, against Defendant Walmart, Inc. (hereinafter referred to as "Defendant" or "Walmart") and alleges as follows:

**II.     INTRODUCTION**

2.     Plaintiffs bring this case against Walmart, Inc. for willfully violating the Fair Labor Standards Act ("FLSA") and Ohio labor laws.

**III.     THE PARTIES**

3. Plaintiffs have at all relevant times been residents of the State of Ohio and were employed by Defendant Walmart, Inc. as Automotive Technicians in the Walmart Tire & Auto section of Defendant Walmart's store located at 61205 Southgate Rd, Cambridge, Ohio 43725. Plaintiff Fortney was employed at this Walmart location for roughly seven (7) years, from approximately August 10, 2010 through approximately November 14, 2017, and spent roughly the last five (5) of those years working in the Tire & Auto section of Defendant's store at that location. Plaintiff Fortney worked at Defendant Walmart's store until approximately November 14, 2017. Plaintiff Triplett worked as an automotive technician at the Cambridge, Ohio location from about May 18, 2017 until about May 27, 2019. Plaintiff Fortney's consent form is attached as exhibit A and Plaintiff Triplett's consent form is attached as exhibit B. Plaintiffs anticipate filing others' consent forms as the case proceeds.

### A. The Plaintiffs in General

4. Plaintiffs will serve as adequate, typical and active participants and class representatives for the proposed FLSA Class and under Rule 23. Plaintiffs share the same title, duties, and were affected by Walmart's illegal wage practices as the proposed members of this Class. Walmart has a policy of requiring work (responding to work related text messages, Facebook messages, phone calls, and other communications) while its employees are on unpaid meal breaks. The employee who is on their meal break is required to answer the question or provide the information requested but is not paid any wages for the meal break, let alone overtime wages. Defendant Walmart has actual and constructive knowledge that Plaintiffs and similarly situated employees were required to perform the off-the-clock labor during their meal breaks. This off-the-clock labor was permitted by Defendant in violation of the Fair Labor Standards Act and Ohio Minimum Wage Law. Defendant has actual and constructive knowledge that Plaintiffs and other similarly situated Walmart Tire & Auto employees performed off-the-clock labor during their meal breaks.

### B. Defendant

5. Defendant Walmart, Inc. is headquartered at 702 SW 8th Street Bentonville, AR 72716, and maintains a retail outlet at 61205 Southgate Rd, Cambridge, Ohio 43725 and maintains other retail outlets in Southeastern Ohio (such as Zanesville and Athens), elsewhere in Ohio, and throughout the United States. Defendant Walmart, Inc. owns and operates over 3,000

store locations in the United States. Many of these store locations also offer automotive maintenance and mechanic services. These automotive service locations are known as "Walmart Tire & Auto" locations, "Walmart Tire & Lube Express" locations, and other names. For the purposes of this Complaint, all such locations will be referred to collectively as "Walmart Tire & Auto" locations.

6. Defendant Walmart engages in interstate commerce.

7. Defendant has annual revenues in excess of $500,000.

8. Defendant is an employer within the meaning of the FLSA and Ohio's labor laws.

## IV. JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. § 216(b). In addition, this Court has supplemental jurisdiction over Plaintiffs' state-law claims because those claims derive from the same common conduct that led to violations of the FLSA; that is, the FLSA and Ohio claims all derive from the same common nucleus of operative facts. 28 U.S.C. § 1367.

10. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in Ohio and within this judicial district.

11. Jurisdiction and venue as to Defendants are proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 216(b) of the FLSA, 29 U.S.C. § 216(b).

## V. FACTUAL ALLEGATIONS

### A. Walmart, Inc.

12. Defendant Walmart, Inc. employs Automotive Technicians (including Tire and Lube Specialists and other similar positions) at Walmart store locations throughout the United States. Defendant Walmart maintains over 2,500 automotive service centers across the United States where they employ thousands of Automotive Technicians, Tire and Lube Specialists, and other positions that are subject to Defendant's policy of requiring its automotive technicians to be available to provide information, usually concerning ongoing automotive service projects, during their meal breaks.

### B. Defendant Walmart's Policy for Requiring Employees Working at Walmart Tire & Auto Locations to Maintain Open Line of Communication while on meal breaks.

13. Defendant Walmart institutes a policy for all of its employees who work in Walmart Tire & Auto locations to be responsive to off the clock inquiries concerning the status of projects during their meal breaks.

14. Defendant Walmart requires employees to respond to inquiries about projects at Walmart Tire & Auto locations even though the meal breaks are unpaid.

15. Because Walmart Tire & Auto employees must spend time responding to inquiries about projects during their meal breaks, the meal breaks are not "bona fide" meal breaks pursuant to 29 CFR §785.19

16. Many of Defendant's Walmart Tire & Auto employees are regularly scheduled for fulltime, 40 hour workweeks.  Because the meal breaks are not "bona fide" meal breaks, the worktime should have been recorded as overtime, and thus subject to the overtime pay increase prescribed by federal and state law.

17. Had Defendant not required Plaintiffs and the collective group members to be available to respond to inquiries, the employees could have used their meal time and other time away from work as they chose, for pursuits either inside or outside store, without being regularly interrupted to tend to, or spend time on, responding to inquiries about automotive projects.

**C.    Defendant Walmart Knew or Should Have Known that by failing to provide Uninterrupted Meal Breaks, it Forfeited its Right to Not Count the Meal Break as Worktime.**

18. Defendant knew or should have known that the FLSA required bona fide Meal Times to be completely interrupted.

19. Defendant knew or should have known that Plaintiffs and the similarly situated collective group members routinely spent time responding to project inquiries during their meal times.

20. Defendant knew that Plaintiffs and the similarly situated collective group members routinely spent more than a *de minimis* amount of off-the-clock time responding to inquiries because managers themselves often contacted or requested that other employees contact Plaintiffs and similarly situated employees during their meal times to inquire about ongoing automotive service projects.

21. Defendant did not implement or enforce sufficient procedures to ensure that the Plaintiffs and the collective group members were not contacted for work related inquiries during their meal times.

22. Defendant did not implement or enforce sufficient policies or procedures to ensure that Plaintiffs and the similarly situated collective group members were paid any wages for the time they spent responding to inquiries during their meal breaks.

**D.   Complying with Defendant Walmart's Inquiry Response Policy Required Walmart Tire & Auto Employees to Work Unpaid Time that Resulted in Unpaid Overtime**

23. Plaintiffs are personally familiar with, and was personally affected by, Defendant's meal time policy for employees of Walmart Tire & Auto locations.

24. At all relevant times, Plaintiffs and other similarly situated Automotive Technicians at the Walmart were not exempt from FLSA overtime pay requirements.

25. During the relevant period, Defendant never compensated for the regular hours or the overtime hours spent during meal periods.

26. If Defendant had tracked and compensated employees for off-the-clock time spent responding to project status inquiries, Plaintiff and other similarly situated collective group members would not need to seek compensation for past due wages and overtime wages.

27. From his personal observation of Defendant's other employees and his interaction with those employees during the relevant period, Plaintiffs believe that all other Walmart Tire & Auto location employees were subjected to the same policy and routinely spent time responding to project inquiries during their meal breaks.

28. As a result of Defendant's conduct, Plaintiffs and the similarly situated collective group members have regularly been deprived of wages owed related to their meal breaks.

29. As a result of their conduct, Defendant has improperly retained money it should have paid as wages to Plaintiffs and the collective group members for meal breaks.  By retaining this money, Defendant has received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

**E.   Facts Common to All Class Members**

30. The job duties of employees in Walmart Tire & Auto locations are virtually identical from location to location, region to region, facility to facility, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action. The same policies, procedures, employee handbooks and manuals, and compensation plan were distributed to the Walmart Tire & Auto employees. As such, the policies, practice and procedures are uniformly applied to the Walmart Tire & Auto employees which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law.

31. Defendant Walmart did not keep accurate records of all the hours worked off-the-clock by Walmart Tire & Auto location employees in compliance with Defendant's meal break policy.

32. Defendant Walmart, regularly, uniformly, and systematically failed to pay Walmart Tire & Auto location employees proper overtime wages.

33. Defendant Walmart, regularly, uniformly, and systematically required Walmart Tire & Auto location employees to work more than 40 hours in a single workweek, but did not pay them overtime.

34. In light of the above allegations, Walmart Tire Auto employees were not and have not been paid all wages due to them. Defendant Walmart's unlawful scheme has resulted in "wage theft." Plaintiffs hav brought this action to recover for himself, and all similarly situated Walmart Tire & Auto employees, the unpaid wages from Defendant Walmart.

## VI. FLSA CLASS DEFINITION AND ALLEGATIONS

35. Plaintiffs bring the First Claim for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs bring the FLSA action on behalf of himself and all members of the following class (the "FLSA Collective") comprised of:

    **A.**     **FLSA Collective**

    **B.**     All individuals employed at Walmart Tire & Auto locations in positions, job titles, job codes, job classifications of "Automotive Technician and all other similar nomenclature (including, but not limited to, "Tire & Lube Specialists" and

other positions in Walmart Tire & Auto Locations) performing substantially identical functions and/or duties, currently or formerly employed by Defendant Walmart, Inc. and/or its predecessors or successors in interest in the United States between **3 years prior to the filing of this suit** and the date of final judgment in this matter. This includes all Walmart Tire & Auto employees who are subject to Defendant Walmart's meal break policy.

36. Plaintiffs are members of the collective group defined above, because they worked as an Automotive Technician at a Walmart Tire & Auto location for Defendant and regularly spent substantial meal break time responding to inquiries about the status of projects.

37. Plaintiffs and the members of the FLSA Class are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Defendant Walmart's common practice, policy, or scheme of forcing Defendant Walmart's Walmart Tire & Auto employees to be available to respond to inquiries from managers and co-workers during their meal breaks and other times when they are off-the-clock.

38. Defendant is aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

39. Defendant's unlawful conduct has been widespread, repeated, and consistent.

40. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims for the Plaintiffs are similar to the claims of the members of the FLSA Collective.

41. The FLSA Collective members are readily identifiable and ascertainable.

42. The names, addresses, and telephone numbers of the members of the FLSA Collective are available from Defendant Walmart and notice should be provided to the members of the FLSA Collective via electronic mail and first class mail to their last address known as soon as possible.

43. In recognition of the services Plaintiffs have rendered and will continue to render for the FLSA Collective, Plaintiffs will request payment of a service award upon resolution of this action.

    **VII.**    **RULE 23 CLASS DEFINITIONS AND ALLEGATIONS**

44. Plaintiffs bring the Second Claim for Relief under Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

45. **Rule 23 Class**

All individuals employed at Walmart Tire & Auto locations in positions, job titles, job codes, job classifications of "Automotive Technician and all other similar nomenclature (including, but not limited to, "Tire & Lube Specialists" and other positions in Walmart Tire & Auto Locations) performing substantially identical functions and/or duties, currently or formerly employed by Defendant Walmart Inc. and/or its predecessors or successors in interest in Ohio between **three years prior to the filing of this lawsuit** and the date of final judgment in this matter. This includes all Walmart Tire & Auto employees who are subject to Defendant Walmart's meal break policy.

46. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

47. The members of the Rule 23 Class are readily ascertainable. The number and identity of the Rule 23 Class members are ascertainable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendant Walmart, Inc.'s records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

48. The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

49. There are more than 50 Rule 23 Class members.

50. Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

51. Plaintiffs and the Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay proper overtime wages.

52. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with OMFWSA and Section 34a.

53. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

54. Plaintiffs and the Rule 23 Class sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and procedures.

55. Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class and have no interests antagonistic to the Rule 23 Class.

56. Plaintiffs are represented by Counsel who is experienced and competent in both collective and class action litigation and employment litigation.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class

members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

58. Upon information and belief, Defendant has and continues to violate the OMFWSA and Section 34a. Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights white elimination or reducing these risks.

59. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

60. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Defendant paid Plaintiffs and the Rule 23 Class at the proper overtime wages for all hours worked;
   b. Whether or not Defendant maintained a "bona fide" meal break policy.
   c. Whether Defendant properly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 each workweek;
   d. Whether Defendant's policy of failing to pay Plaintiffs and the Rule 23 Class was instituted willfully or with reckless disregard of the law;
   e. The nature and extent of class-wide injury and the measure of damages for those injuries.

61. In recognition of the services Plaintiffs have rendered and will continue to render to the FLSA Collective, Plaintiffs will request payment of a service award upon resolution of this action.

### VIII. CLAIMS FOR RELIEF

    **A.    Count 1 – Failure to Pay Overtime Wages – Fair Labor Standards Act (On Behalf of Plaintiffs and the FLSA Collective)**

62.    Plaintiffs reallege and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

63.    Plaintiffs and the FLSA Collective worked more than forty hours in one or more workweeks.

64.    Defendant's meal break policy resulted in Plaintiffs and the FLSA Collective to work overtime hours without compensation.

65.    By not paying Plaintiffs and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has willfully violated the FLSA.

66.    As a result of Defendant's willful violations, Plaintiffs and the FLSA Collective are entitled to damages, including, but not limited to, unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

    **B.    Count 2 – Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act (On Behalf of Plaintiffs and the Rule 23 Class)**

67.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

68.    Plaintiffs and the Rule 23 Class worked more than forty hours in one or more weeks as a result of the Defendant's meal break policy.

69.    Defendant did not compensate Plaintiffs and the Rule 23 Class for the all the hours they worked over 40 hours per week.

70.    By not paying Plaintiffs and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has violated the OMFWSA (Ohio Minimum Fair Wage Standards Act).

71.    As a result of Defendant's violations, Plaintiffs and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

**IX.    PRAYER FOR RELIEF**

    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Plaintiff Classes they seek to represent, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiffs and their counsel to represent the collective action members;

b. Overtime pay and liquidated damages pursuant to the FLSA and state law;

c. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d. Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

e. A declaratory judgment that the practices complained of herein are unlawful under §34a and the OMFWSA (Ohio Minimum Fair Wage Standards Act);

f. An award of overtime wages and liquidated damages due under Section 34a and the OMFWSA;

g. Liquidated damages under O.R.C. § 4113.15 and the OMFWSA;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees;

j. Such other legal and equitable relief as the Court deems appropriate.

## X.  DEMAND FOR JURY TRIAL

72. Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Respectfully submitted,

Plaintiffs

DATED:  September 21, 2019

s/*Michael L. Fradin*
Attorney for Plaintiffs (0091739)
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com