IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID FORTNEY, et al.,**

        Plaintiffs,

  v.                                        Civil Action 2:19-cv-04209
                                               Judge Sarah D. Morrison
                                               Magistrate Judge Jolson

**WALMART INC.,**

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer. (Doc. 40). For the reasons that follow, Defendant's Motion is **GRANTED**, and the Clerk shall file Document Number 40-1 as the Amended Answer in this case.

### I.    BACKGROUND

Plaintiffs David Fortney and Eli Triplett are former Walmart Auto Care Center employees. (Doc. 1, ¶ 3). They filed this nationwide FLSA collective action and Rule 23 Ohio class action against Defendant Walmart, Inc. ("Walmart") on September 21, 2019. (Doc. 1). Broadly speaking, Plaintiffs allege that Walmart required them to respond to work communications during unpaid meal breaks and failed to compensate them accordingly. (*See generally id.*).

Walmart moved to amend its Answer on October 5, 2020, during the first-tier notice phase of conditional certification. (Doc. 40 at 2). It seeks to add an additional affirmative defense that the Court lacks jurisdiction over "the claims of any out-of-state opt-in plaintiffs." (Doc. 40-1 at 28). It relies on the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, which held, in a mass tort product-liability action, that it did not

have personal jurisdiction over the nonresidents' claims.  (Doc. 40 at 2) (collecting cases) (citing *Bristol-Myers Squibb*, 137 S. Ct. 1773 (2017)).  Plaintiffs say Walmart waived this defense by failing to assert it in its original Answer.  (*See generally* Doc. 42).  This matter is ripe for resolution.

## II.     STANDARD

Two federal rules matter here.  Rule 15(a) of the Federal Rules of Civil Procedure governs Walmart's request to amend, while Rule 12(h)(1) governs Plaintiffs' waiver argument.

*Amendment*: Walmart may amend its Answer only "with the opposing party's written consent or the [C]ourt's leave."  Fed. R. Civ. P. 15(a).  Leave shall be freely given "when justice so requires."  *Id*.  In deciding whether to permit amendment, the Court considers factors such as notice and substantial prejudice to the opposing party, and undue delays in filing, among other factors.  *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).  A motion to amend, however, "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

*Waiver*: Generally, a defendant must raise a personal jurisdiction defense in its first responsive pleading; otherwise, it is waived.  Fed. R. Civ. P. 12(h)(1).  But context matters, and, in collective or class actions, courts do not universally apply this Rule before certification. *Compare Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020) (quotation marks and citation omitted) (reversing district court's decision finding that defendant waived personal jurisdiction defense by failing to raise it in its first responsive pleading, noting that, "[p]rior to class certification, . . . a personal jurisdiction defense as to putative non-resident class members was not 'available' under Rule 12"); *with Charvat v. Nat'l Holdings Corp.*, No. 2:14-CV-2205, 2018 WL 6732887, at *3 (S.D. Ohio July 26, 2018), *report and recommendation adopted sub nom.*

*Charvat v. Shampan Lamport LLC*, No. 2:16-CV-120, 2018 WL 6732870 (S.D. Ohio Oct. 25, 2018) (denying defendant's request to amend to add personal jurisdiction defense as to non-forum putative class members). Notably, the Sixth Circuit has not yet resolved this open question.

### III. DISCUSSION

In support of amendment, Walmart emphasizes the early posture of this case. Specifically, that the Court has not yet ruled on Plaintiffs' Motion for Conditional Certification, and thus, has not determined whether the non-Ohio opt-in plaintiffs should be permitted to proceed with their claims. (Doc. 40 at 2). Still, Plaintiffs respond that Walmart's personal jurisdiction defense comes too late. To begin, Walmart failed to raise it in its original Answer. (Doc. 42 at 3). What is more, say Plaintiffs, Walmart submitted to the jurisdiction of this Court by actively engaging in this case. (*Id.* at 3–4). For legal support, Plaintiffs rely heavily on this Court's decision in *Charvat v. National Holdings Corporation*, in which the Court concluded that the defendant in a Rule 23 class action waived its personal jurisdiction defense by failing to raise it earlier. *See* 2018 WL 6732887, at *3. The Court denied the defendant's request to amend its answer as a result. *Id*.

This case is different. As Walmart emphasizes, *Charvat* was a Rule 23 class action, whereas this is an FLSA collective action. Unlike Rule 23 class actions, each plaintiff in an FLSA collective action must opt into the proceeding. *See Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017). And the court does not determine whether each opt-in plaintiff's claim will be heard until after preliminary certification of the collective class, notice, discovery, and a final certification hearing. *See id*. (explaining two-step certification process for FLSA collective actions). Only then does the court more stringently examine whether the collective members of the class are similarly situated under the FLSA. *Id*.

3

In *Charvat*, in which individual plaintiffs did not opt into the class, the defendant waited "three-and-a-half years after filing its initial answer and seventeen months after filing its last responsive pleading" to raise, "for the first time," a personal jurisdiction defense. 2018 WL 6732887, at *2. Not so here. Walmart timely moved for leave to amend within the first-tier notice phase of conditional certification and months before the Court's amendment deadline. (Doc. 40 at 2; *see also* Doc. 30). More specifically, when Walmart filed its original Answer on November 18, 2019, there were only two named Plaintiffs—both Ohio residents. (Doc. 9). So it did not raise a personal jurisdiction defense at that time.

Just before Walmart filed its Answer, and in the months to come, notices of potential forum and non-forum opt-in plaintiffs began trickling in. (*See, e.g.*, Docs. 10, 20). In their Rule 26(f) Report, the parties agreed that Walmart could take limited-scope depositions of the two named Ohio Plaintiffs and two of the non-forum opt-in plaintiffs. (Doc. 30 at 2). Less than two weeks later, Plaintiffs moved for conditional certification, expedited opt-in discovery, and Court-supervised notice to potential opt-in plaintiffs. (Doc. 31). The parties agreed that Walmart could take roughly two-and-a-half additional months to conduct the agreed limited depositions before responding to the Motion. (Doc. 32). Following this limited discovery, on August 6, 2020, Walmart responded to Plaintiffs' Motion and moved for leave to amend its Answer less than two months later (Docs. 38, 40).

In sum, unlike the defendant in *Charvat*, Walmart did not sit on its personal jurisdiction defense for years after receiving notice of potential non-forum opt-in class members. Rather, it sought leave to amend only months after Plaintiffs asked the Court to certify a collective class of over a dozen non-forum opt-in plaintiffs. Given this timeline, it would be unjust to say Walmart waived its defense.

Indeed, the Court has not yet ruled on whether these non-forum opt-in plaintiffs may proceed against Walmart. In other words, Walmart is raising a personal jurisdiction defense against individuals who are not yet plaintiffs in this case. *See, e.g.*, *Cruson*, 954 F.3d at 250 (quoting *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) (holding that defendant did not waive its personal jurisdiction defense because "'until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs'")). Consequently, Walmart did not waive its personal jurisdiction defense, and the interests of justice weigh in favor of granting Walmart leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File Amended Answer (Doc. 40) is **GRANTED**, and the Clerk shall file Document Number 40-1 as the Amended Answer in this case.

IT IS SO ORDERED.


Date:   December 8, 2020                         /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE