UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID FORTNEY**, *et al.*,

      **Plaintiffs,**

  v.

**WALMART, INC.**,

      **Defendant.**

:

:

Case No. 2:19-cv-4209
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

<u>**OPINION AND ORDER**</u>

Plaintiffs David Fortney and Eli Triplett have styled this suit as a collective action brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA"), and as a Rule 23 class action under Ohio's wage and hour laws. (Compl., ECF No. 1.) The matter is before the Court for consideration of Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (Mot. for Conditional Cert., ECF No. 31.) Defendant Walmart, Inc. has responded (Mem. in Opp'n, ECF No. 38), and Plaintiffs have filed their reply (Reply, ECF No. 39). For the reasons set forth below, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

The following facts are drawn from Plaintiffs' Complaint (Compl., ECF No. 1) and the declarations filed in support of their Motion (Decls., ECF Nos. 31-2–31-4).

Plaintiffs are both former hourly-paid, non-exempt employees of Walmart. (Compl., ¶ 3.) Walmart, an Arkansas company, owns and operates more than 3,000

1

retail store locations in the United States, many of which offer automotive maintenance and mechanic services. (*Id.*, ¶¶ 5, 12.) For at least a portion of their employment, Plaintiffs worked as automotive technicians at the Walmart store in Cambridge, Ohio. (*Id.*, ¶ 3. *See also* Fortney Decl., Triplett Decl.)

Plaintiffs allege that "Walmart has a policy of requiring work (responding to work related text messages, Facebook messages, phone calls, and other communications) while its employees are on unpaid meal breaks." (Compl., ¶ 4.) According to Plaintiffs, an employee on their meal break is required to respond to work-related inquiries, but is not paid any wages for the work done during a meal break—including overtime wages, to the extent the meal-time work causes the employee to work more than forty hours. (*Id.*)

Plaintiffs filed their Complaint on September 21, 2019. (ECF No. 1.) Thirteen individuals later filed consent forms seeking to join the action as an opt-in party plaintiff. (*See* ECF Nos. 8, 10, 15, 20, 23.) Plaintiffs filed the instant Motion on March 13, 2020, requesting conditional certification of the following FLSA collective class:

> All individuals employed at Walmart Tire & Auto locations in positions, job titles, job codes, job classifications of "Automotive Technician" and all other similar nomenclature (including, but not limited to, "Tire & Lube Specialists" and other positions in Walmart Tire & Auto Locations) performing substantially identical functions and/or duties, currently or formerly employed by Defendant Walmart, Inc. and/or its predecessors or successors in interest in the United States between 3 years prior to the filing of this suit and the date of final judgment in this matter. This includes all Walmart Tire & Auto employees who are subject to Defendant Walmart's meal break policy.

(ECF No. 31. *See also* Compl., ¶ 35.) Plaintiffs' Motion is supported by declarations from each of the consenting individuals, which represent that the declarant was:

- Employed by Walmart as an automotive technician;
- Docked pay each day for a meal period;
- Frequently interrupted during unpaid meal periods by other Walmart employees calling, texting, or asking questions regarding the status of ongoing automotive service projects, the location of parts or supplies in the shop, or how to perform certain automotive services and what services to perform; and
- Not compensated for all time worked, including overtime.

(*See* Decls.)

Thereafter, the parties jointly moved for two extensions of time to permit Walmart to conduct limited depositions of Mr. Fortney, Mr. Triplett, and Chad Palmer, one of the opt-in plaintiffs. (*See* ECF Nos. 32, 35.) Walmart agreed to toll the statute of limitations on FLSA claims due to the delay in conducting the limited discovery. (*Id.*) Walmart filed portions of those depositions, along with the declaration of its employee Kevin Scott McCarter and copies of certain Walmart policies in support of its Memorandum in Opposition. (*See* ECF Nos. 38-1, 38-2.)

II. **STANDARD OF REVIEW**

The FLSA requires employers to pay their employees "a wage consistent with the minimum wage . . . and instructs employers to pay employees overtime compensation, which must be no less than one-and-one-half times the regular rate of pay, if the employee works more than forty hours in a week." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (internal citations and quotations omitted). "'Congress passed the FLSA with broad remedial intent' to

address 'unfair method[s] of competition in commerce' that cause 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) (quoting *Keller*, 781 F.3d at 806 and 29 U.S.C. § 202(a)). To further that goal, § 216(b) of the FLSA provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . . .

29 U.S.C. § 216(b). "The lead plaintiff bears the burden of showing that the proposed class members are similarly situated to the lead plaintiff." *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 WL 2389721, at *2 (S.D. Ohio May 25, 2018) (Sargus, J.). The Court uses a two-phase analysis to determine whether Plaintiffs sustained their burden to establish that they are similarly situated to the putative class members. *Id.*

The first phase—conditional certification—is conducted at the beginning of the discovery process. In keeping with the FLSA's broad remedial purpose, "the standard at the first step is 'fairly lenient . . . and typically results in conditional certification of a representative class.'" *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.) (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). Plaintiffs need to make only "a modest factual

4

showing that they are similarly situated to proposed class members." *Id.* (internal quotations omitted).

The FLSA does not define "similarly situated," nor has the Sixth Circuit Court of Appeals. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). Nonetheless, case law provides that plaintiffs may be found to be similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. The named plaintiff need not show a "unified policy" of violations, *id.* at 584, or that his position is identical to those of other putative class members, *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867–68 (S.D. Ohio 2011) (Marbley, C.J.) (quoting *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Further, courts "do[] not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility" at the conditional certification phase. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). Instead, courts often consider "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread plan was submitted." *Myers*, 210 F. Supp. 3d at 890 (quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014)) (alteration omitted).

5

The second phase—final certification—is conducted after discovery concludes. At that point, and with the benefit of information uncovered by discovery, the Court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. Consequently, a much "stricter standard" is employed during final certification. *Id.*

### III. ANALYSIS

#### A. Plaintiffs have met their burden for conditional certification of the proposed FLSA class.

Plaintiffs' Complaint alleges that Walmart required automotive technicians to respond to work-related communications during their meal breaks—work which constituted overtime and for which they were not paid. Those allegations are supported by the sworn declarations of both Mr. Fortney and Mr. Triplett, along with the sworn declarations of thirteen other former Walmart automotive technicians from eleven other states.[1] Each of the declarations alleges that the declarant's "pay was docked each day for a meal period," and that they were "frequently interrupted during [] unpaid meal periods" by "other Walmart employees calling, texting or asking [] questions regarding: a) the status of ongoing automotive service projects; b) the location of parts or supplies in the shop; and/or c) how to perform certain automotive services and what services to perform." (*See*

---

[1] Several of the declarants are not eligible to join the putative class, because they last worked for Walmart more than three years ago. At this stage, Plaintiffs must show that they are similarly situated to *proposed class members*. Nonetheless, in combination with declarations from apparently-eligible putative class members, these declarations do provide some factual support for Plaintiffs' allegations that Walmart automotive technicians' unpaid meal period was regularly interrupted with work-related questions, resulting in unpaid overtime. *See, e.g., Gallardo v. Los Portales Bolivar LLC*, No. 1:16-cv-01055, 2017 WL 922496, at *3 (W.D. Tenn. Feb. 1, 2017) report and recommendation adopted in part, 2017 WL 913805 (W.D. Tenn. Mar. 7, 2017).

6

*generally*, Decls.) The Complaint and declarations are, together, sufficient to conditionally certify a representative class for Plaintiffs' FLSA claim. *See Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-cv-1225, 2019 WL 4667497, at *9 (S.D. Ohio 2019) (conditionally certifying nation-wide class based on complaint and declarations of named plaintiff plus eight others from four different locations plus teleworking). *Cf. Myers*, 201 F. Supp. 3d at 892 ("[T]here is no threshold requirement for a certain number of affidavits from employees to certify conditionally a collective action.").

Walmart makes several arguments in opposition to conditional certification. Specifically, Walmart argues that: (i) Plaintiffs have not shown a national plan, policy, or practice "connecting" the proposed class (Mem. in Opp'n, 12); (ii) Walmart has written policies that directly prohibit the alleged unlawful practice (*Id.*, 13; *see also* ECF Nos. 38-2, 38-3); (iii) the predominance of individualized considerations shows that the putative class members are not similarly situated (Mem. in Opp'n, 14); and (iv) the proposed class is unmanageable (*Id.*, 17).[2] Each argument is unavailing.

First, despite Walmart's assertion to the contrary, Plaintiffs have indeed alleged a national practice connecting the proposed class: that Walmart required its automotive technicians to be responsive to work-related inquiries during unpaid meal periods, resulting in unpaid overtime work. Plaintiff is not required to show

---

[2] Walmart also argues that the Complaint does not truly allege a compensable meal break. (Mem. in Opp'n, 11.) Walmart concedes that this argument goes to the merits of the claim. Accordingly, it is not appropriate for consideration at the conditional certification stage.

7

that the "single, FLSA-violating policy" is in writing. *See Cowan*, 2019 WL 4667497, at *6 (citing *Abner v. Convergys Corp.*, No. 1:18-cv-442, 2019 WL 1573201, at *6 (S.D. Ohio Apr. 11, 2019)).

Second, and relatedly, Walmart's formal written policies prohibiting meal period interruptions or off-the-clock work do not prevent conditional certification. *See Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 827 (E.D. Mich. 2009) (collecting cases). Although Walmart invokes *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957 (W.D. Mich. 2009) to support its argument that production of written policies on off-the-clock work should prevent conditional certification, the argument fails. In *Pacheco*, the court denied conditional certification in part because the plaintiff had presented no evidence of a scheme to defy the defendant's written compensation policies. However, in that case, the parties engaged in mutual discovery prior to moving for conditional certification, and so the court applied a "more restrictive" standard, ultimately "bas[ing] its certification determination on the evidence rather than the pleadings." *Id*. at 960. Here, Plaintiffs have not engaged in discovery and so cannot be faulted for failing to present evidence rebutting Walmart's written policies.

Walmart next argues that—as shown by the depositions of Mr. Fortney, Mr. Triplett, and Mr. Palmer—individualized considerations will predominate, such that the putative class members are demonstrably *not* similarly situated. Foremost, to the extent Walmart's argument attacks the merits of each of the deponents' claims, or their credibility, it is not appropriately considered here. Further, in an

8

FLSA collective action, a district court is expected and required to consider the individualized considerations of each opt-in plaintiff's claims. *See O'Brien*, 575 F.3d at 584. It suffices to show, as Plaintiffs have done, that the "claims [a]re unified by common theories of [the] defendant['s] statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id*. at 585.

Finally, Walmart argues that the proposed class is unmanageable, by virtue of its size and failure to distinguish between part-time and full-time employees. Again, without the benefit of discovery, this argument is premature. Instead, it is more "properly addressed under the more stringent stage-two analysis . . . after all the opt-in plaintiffs have been identified." *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 828 (N.D. Ohio 2011).

Plaintiffs' motion for conditional certification is **GRANTED**.

### B. The Court declines to approve the proposed notice or to expedite discovery.

Next, Plaintiffs move the Court to approve their proposed notice to class members and to order expedited opt-in discovery. The Court declines to do either. As to the proposed notice, Walmart notes that Plaintiffs have not provided several details relevant to the notice—including, importantly, how it will be sent and the length of the notice period. Walmart further notes several objections to the notice contents, including to the description of the claims. Plaintiffs did not address Walmart's objections in their Reply. The parties are **ORDERED** to submit a joint proposed notice, along with a plan for distributing such notice, **within fourteen days of the date of this Order**.

9

Further, Walmart has agreed to toll the statute of limitations on FLSA claims resulting from delays in producing information responsive to Plaintiffs' opt-in discovery request. (Memo. in Opp'n, 19.) An expedited response is, therefore, unnecessary. Walmart is **ORDERED** to respond to Plaintiffs' discovery request **within thirty days of the date of this Order**. If the plan to distribute the notice does not include delivery by email, Walmart may then move the Court to modify Plaintiffs' opt-in discovery request to exclude extraneous contact information.

### C. The Court further declines to consider Plaintiffs' objections to the Magistrate Judge's December 8, 2020 Order.

The Court also notes that Plaintiffs filed Objections (ECF No. 46) to the Magistrate Judge's December 8, 2020 Opinion and Order (ECF No. 44), in which Walmart was granted leave to amend its answer. Plaintiffs' Objections were filed on December 23, 2020—fifteen days after the Magistrate Judge's order was entered. (ECF No. 46.) Rule 72(a) provides that "[a] party may serve and file objections to [an order by a magistrate judge on a nondispositive matter] within [fourteen] days after being served with a copy." Fed. R. Civ. P. 72(a). It goes on to state that "[t]he district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous to law." *Id*. (emphasis added). Plaintiffs' Objections were not timely, and Plaintiffs did not move to extend the deadline to file or seek leave to file untimely objections. Accordingly, the Court declines to consider them. Plaintiffs' Objections are **OVERRULED** as untimely.

10

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 31) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent it seeks conditional certification of the proposed FLSA class. It is otherwise **DENIED**. The parties are **ORDERED** to submit a joint proposed notice, along with a plan for distributing such notice, **within fourteen days of the date of this Order**. And Walmart is **ORDERED** to respond to Plaintiffs' discovery request **within thirty days of the date of this Order**. Finally, Plaintiffs' Objections to December 8, 2020 Opinion and Order (ECF No. 46) are **OVERRULED** as untimely.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**