# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DAVID FORTNEY, *et al*,**

        **Plaintiffs,**

   v.

**WALMART, INC.,**

        **Defendant.**

Case No. 2:19-cv-4209
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This suit was filed as a collective action under the Fair Labor Standards Act ("FLSA") and as a Rule 23 class action under Ohio's wage and hour laws. (Compl., ECF No. 1.) The matter is before the Court on Defendant Walmart, Inc.'s Motion to Dismiss Claims of Out-of-State Opt-Ins.[1] (Mot., ECF No. 137.) Plaintiffs oppose Walmart's Motion and move to transfer the case to Walmart's home venue, in the alternative. (Resp., ECF No. 141.) Walmart filed its Combined Reply and Response.[2] (Reply, ECF No. 144.) The motions are briefed and ripe for a decision. As set forth more fully below, the Court finds that Walmart waived the personal jurisdiction defense it now seeks to assert. Accordingly, Walmart's Motion to Dismiss is **DENIED** and Plaintiffs' Motion to Transfer Venue is **DENIED as moot**.

---

[1] Walmart's Motion defines "out-of-state opt-ins" as "those opt-ins who worked at a Walmart location other than in Ohio during the collective action period." (Mot., 1, n.1.)

[2] Walmart requests oral argument in its Reply. (*See* Reply, 1.) The Court does not find argument to be necessary. Accordingly, the request is **DENIED**.

I.  PROCEDURAL BACKGROUND

Named Plaintiffs David Fortney and Eli Triplett are both former hourly-paid, non-exempt employees of Walmart. (Compl., ¶ 3.) Walmart, an Arkansas-based and Delaware-incorporated company, owns and operates more than 3,000 retail store locations in the United States, many of which offer automotive maintenance and mechanic services. (*Id.*, ¶¶ 5, 12.) For at least a portion of their employment, Plaintiffs worked as automotive technicians at the Walmart store in Cambridge, Ohio. (*Id.*, ¶ 3.)

Plaintiffs allege that "Walmart has a policy of requiring work (responding to work related text messages, Facebook messages, phone calls, and other communications) while its employees are on unpaid meal breaks." (*Id.*, ¶ 4.) According to Plaintiffs, an employee on their meal break is required to respond to work-related inquiries, but is not paid any wages for the work done during a meal break—including overtime wages, to the extent the meal-time work causes the employee to work more than forty hours. (*Id.*)

Plaintiffs filed their Complaint on September 21, 2019. (ECF No. 1.) Six weeks later (before Walmart responded to the Complaint), Messrs. Fortney and Triplett were joined by four additional opt-in plaintiffs. (ECF No. 8.) Although the four opt-ins did not identify the Walmart location where they worked, two provided mailing addresses in Georgia and another, Chad Palmer, provided a Michigan address. (ECF Nos. 8-2–8-4.) On November 18, 2019, Walmart filed its Answer and Affirmative Defenses. (ECF No. 9.) Therein, Walmart admitted that this Court has jurisdiction over the action and that it is the proper venue. (*Id.*, ¶¶ 9–11).

2

Between November 18, 2019, and January 20, 2020, seven more opt-in plaintiffs with non-Ohio mailing addresses consented to join the action. (ECF Nos. 10, 14, 15, 20,[3] 23, 24.) On February 12, 2020, the parties filed their First Rule 26(f) Report, indicating that there were no contested issues related to venue or jurisdiction. (ECF No. 25.) The parties filed a Revised Rule 26(f) Report later that month, making the same representation. (ECF No. 29.) Accordingly, the Court put on a Scheduling Order stating: "There are no contested issues related to venue or jurisdiction at this time." (ECF No. 30.)

On March 13, 2020, Plaintiffs moved to conditionally certify the case as a collective action under § 216(b) of the FLSA. (ECF No. 31.) In accordance with the Court's Scheduling Order, Walmart engaged in limited discovery before responding to Plaintiffs' motion. (*See* ECF No. 30, 2.) That included taking the depositions of Messrs. Fortney and Triplett, who worked for Walmart in Ohio, and Mr. Palmer, who worked for Walmart in Michigan. (Mot., 3.)

In October 2020—eleven months after filing its Answer and Affirmative Defenses, seven months after Plaintiffs moved for conditional certification, and four months after an eighth out-of-state opt-in joined the case (*see* ECF No. 34)— Walmart sought leave to file an amended answer. (ECF No. 40.) In its First Amended Answer and Affirmative Defenses, filed December 8, 2020, Walmart again admitted that "th[is] Court has jurisdiction and venue over this action." (ECF No.

---

[3] Otmane El Hassnaoui later withdrew his consent form. (ECF No. 37.)

3

45, ¶ 11.) But, for the first time, Walmart also asserted, as its Twenty-Sixth Affirmative Defense:

> The Court lacks personal jurisdiction over Walmart with respect to the claims of any out-of-state opt-in plaintiffs. *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017).

(*Id.*, 28.)

On January 22, 2021, the Court conditionally certified Plaintiffs' proposed FLSA collective class, defined as follows:

> All individuals employed at Walmart Tire & Auto locations in positions, job titles, job codes, job classifications of "Automotive Technician" and all other similar nomenclature (including, but not limited to, "Tire & Lube Specialists" and other positions in Walmart Tire & Auto Locations) performing substantially identical functions and/or duties, currently or formerly employed by Defendant Walmart, Inc. and/or its predecessors or successors in interest in the United States between 3 years prior to the filing of this suit and the date of final judgment in this matter. This includes all Walmart Tire & Auto employees who are subject to Defendant Walmart's meal break policy.

(ECF No. 49.) On February 26, 2021, the parties jointly moved for approval of a notice to the class and a notice plan. (ECF No. 54.) Therein, Walmart represented that it had "prepared a list of individuals who potentially fit the definition of the [conditionally certified collective class] together with their last known addresses[.]" (*Id.*, ¶ 6.) The Court granted the joint motion the following week. (ECF No. 56.)

Three months later, the parties filed a Joint Motion to Modify Collective Class Definition and to Approve Revised Notice. (ECF No. 60.) The Court granted the motion and ordered that notices and consent forms be sent to the following revised FLSA collective class:

> All individuals employed at Walmart Tire & Auto locations in positions, job titles, job codes, job classifications of "Automotive

4

> Technician and all other similar nomenclature including but not limited to, Tire & Auto Specialist" and other positions in Walmart Tire & Auto locations) performing substantially identical functions and/or duties, currently or formerly employed by Defendant Walmart, Inc. and/or its predecessors or successors in interest in the United States between 3 years prior to the filing of this suit and the date of final judgment in this matter **who were employed full time in such positions**. This includes all **full-time** Walmart Tire & Auto employees who are subject to Defendant Walmart's meal break policy.

(ECF No. 61 (emphasis in original). *See also* ECF No. 61.) Roughly 2,800 potential class members have since filed notice of their consent to join in this action. (ECF Nos. 63, 65–67, 70–130, 132–33, 135, 147.) According to Walmart, 2,696 of them are "out-of-state opt-ins." (Mot., 1, n.1.)

While notices were being distributed and consent forms were being filed, the parties also filed two joint status reports. (ECF Nos. 68, 134.) Their first, filed August 13, 2021, addressed various discovery issues and proposed case management deadlines. (ECF No. 68.) Walmart indicated its intent to move for decertification of the collective class, but there was no suggestion of a motion to dismiss based on personal jurisdiction. (*Id.*) It was not until the second joint status report was filed on November 15, 2021, that Walmart stated its intent to make such a motion. (ECF No. 134.) The Motion was filed on December 15, 2021. (ECF No. 137.)

### III. DISCUSSION

Walmart moves for dismissal of the out-of-state opt-ins' claims for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The Sixth Circuit's recent decision in *Canaday v. Anthem Cos., Inc.* made clear that this Court lacks specific personal jurisdiction over a non-Ohio defendant facing claims of non-Ohio FLSA collective

5

action members. 9 F.4th 392, 397 (6th Cir. 2021). The parties do not dispute that Walmart is a non-Ohio defendant, nor do they dispute that the out-of-state opt-ins are non-Ohio FLSA collective action members. Rather, the dispute is whether Walmart timely moved to dismiss their claims.

The ability to challenge personal jurisdiction is finite, and the defense can be waived if not timely asserted. *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011). Pursuant to Rule 12(h), a party waives its right to the defense if not raised in a motion or responsive pleading. Fed. R. Civ. P. 12(h)(1). The rule aims to "eliminate unnecessary delays by requiring parties to raise [certain defenses, including lack of personal jurisdiction,] before the court undertakes adjudication of issues on the merits." *Nat'l Feeds, Inc. v. United Pet Foods, Inc.*, 118 F. Supp. 3d 972, 973 (N.D. Ohio 2015) (citations omitted). *See also* Fed. R. Civ. P. 12(h)(1). However, "[e]ven where a defendant properly preserves a Rule 12(b) defense by including it in an answer, he may forfeit the right to seek a ruling on the defense at a later juncture through his conduct during the litigation." *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012) (citations omitted). Asserting a lack of personal jurisdiction defense in an answer "does not preserve the defense in perpetuity. A defendant is required at some point to raise the issue by motion for the court's determination. Waiting too long to do so can forfeit the defense." *Id.* (internal quotations and citations omitted). For example, making "submissions, appearances and filings that give 'Plaintiff a reasonable expectation that Defendants will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is

6

later found lacking,' result in waiver of a personal jurisdiction defense." *Gerber*, 649 F.3d at 519 (quoting *Mobile Anesths. Chicago, LLC v. Anesth. Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)) (cleaned up). In other words, a defendant may waive a personal jurisdiction defense by "actively participating in the litigation of the case." *Nat'l Feeds*, 118 F. Supp. 3d at 973 (citation omitted).

    The procedural history of this case makes clear: Walmart has waived its right to assert a personal jurisdiction defense. Walmart waited more that a year after the Court allowed its Amended Answer—and more than two years after first being put on notice of the prospect of out-of-state opt-ins—to file a motion to dismiss based on lack of personal jurisdiction. In the year between those two filings, the parties and this Court committed substantial resources to the litigation of the case. Walmart entered a general appearance and, jointly with Plaintiffs, asked the Court to approve a notice and notice plan. Walmart again joined Plaintiffs in seeking to modify the collective class definition and distribute a revised notice. In connection with that effort, Walmart provided Plaintiffs a list of 51,000 individuals potentially falling within the modified collective class, coming from all over the country. (ECF No. 60, ¶ 3.) With Walmart's knowledge, Plaintiffs then devoted a substantial amount of time and expense in sending notices and consent forms to those 51,000 people. (Resp., 12.) These actions gave Plaintiffs and this Court the reasonable impression that Walmart would defend the case on the merits. Accordingly, Walmart has waived its personal jurisdiction defense.

Walmart's arguments in response are unsuccessful. First, Walmart argues that the Court's Order granting it leave to file the Amended Answer forecloses the question. (Reply, 2.) In that Order, the Court recognized that the personal jurisdiction defense was raised as to "individuals who were not yet plaintiffs in this case," because the Court had not yet ruled on whether the out-of-state opt-ins could proceed on their claims.[4] (ECF No. 44, 5.) But the Court ruled on January 22, 2021, that the out-of-state opt-ins could proceed as part of the collective action. (ECF No. 49.) Even still, Walmart waited <u>eleven months</u> before filings its Motion to Dismiss. All the while, it actively participated in the litigation *of the out-of-state opt ins' claims* by filing joint motions addressing the collective class definition and providing Plaintiffs with a list of 51,000 potential collective class members—knowing that the Court and Plaintiffs, respectively, would expend resources to further the case in response.

Walmart next argues that it acted promptly after the *Canaday* decision was handed down. (Reply, 5.) The date of *Canaday*'s publication is of no consequence. The law on which the *Canaday* decision is based, *Bristol Myers Squibb*, 137 S. Ct. 1773 (2017), was decided two years before this action commenced. Further, even

---

[4] The Court also found, in granting the motion for leave to file the amended answer, that Walmart had not yet waived its right to assert the personal jurisdiction defense. (ECF No. 44, 4.) Walmart now—wrongly—declares that finding to be "the law of the case." (Reply, 3.) "Sixth Circuit precedent establishes that the law-of-the-case doctrine is confined to circumstances in which the district court is evaluating issues already decided by an *appellate* court, and does not bind district courts in reevaluating its own determinations." *United States ex rel. Holbrook v. Brink's Co.*, 336 F. Supp. 3d 860, 867 (S.D. Ohio 2018) (Marbley, J.) (citing *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000)).

before *Canaday* was decided, this Court and others came to the same conclusion. *See, e.g., Hutt v. Greenix Pest Control, LLC*, No. 2:20-cv-1108, 2020 WL 6892013, at *8 (S.D. Ohio Nov. 24, 2020) (Morrison, J.); *Rafferty v. Denny's Inc.*, No. 5:18-cv-2409, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019); *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018). The Sixth Circuit's *Canaday* decision certainly settles any doubt as to this Court's specific personal jurisdiction over non-resident defendants in FLSA collective actions. However, the challenge was fully available to Walmart even before the Sixth Circuit spoke.

## IV. CONCLUSION

For the reasons set forth above, Walmart's Motion to Dismiss is **DENIED**. Accordingly, Plaintiffs' Motion to Transfer Venue is **DENIED as moot**.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

9