**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID FORTNEY and ELI TRIPLETT,** *individually and on behalf of all those similarly situated,* | ) ) ) ) | **Case No. 2:19-cv-4209** **Judge Edmund A. Sargus** |
| **Plaintiffs,** | ) ) ) | **Magistrate Judge Kimberly A. Jolson** |
| v. | ) ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| **WALMART INC.,** | ) ) | |
| **Defendant.** | ) | |

THIS CAUSE having come before the Court on Plaintiffs' Unopposed Motion for Approval of Fair Labor Standards Act Collective Action Settlement (ECF No. 208), including the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement"), it is ORDERED AND ADJUDGED as follows:

1.      On September 21, 2019, Plaintiffs David Fortney and Eli Triplett initiated this collective action against Defendant Walmart, Inc. as a result of Defendant's alleged practices and policies of failing to pay Automotive Technicians and employees performing substantially identical functions and/or duties as Automotive Technicians for all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Compl., ECF No. 1).[1]

---

[1] Plaintiffs also brought analogous claims arising from the same alleged facts under the Ohio Minimum Fair Wage Standards Act on behalf of a putative Rule 23 class (*see* ECF No. 1) but did not move for Rule 23 class certification. Instead, the Parties have agreed to settle this matter on behalf of the persons who opted in to the FLSA collective.

2.      Specifically, Plaintiffs allege that Defendant required them and other similarly situated employees to be responsive to off-the-clock inquiries during their unpaid meal breaks. Plaintiffs allege that this resulted in them and other similarly situated employees being denied a "bona fide" meal break pursuant to 19 C.F.R. § 785.19, and because they were regularly scheduled for fulltime, 40-hour workweeks, the time spent working during their meal periods should have been recorded as overtime for which they should have been paid at the rate of one and one-half times their regular rates of pay. (*Id*. at PAGEID #4-6.)

3.      Defendant denies Plaintiffs' allegations and denies that Plaintiffs were improperly compensated. (*See* Amended Answer, ECF No. 45.)

4.      On March 3, 2020, Plaintiffs filed their Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs, along with supporting declarations from the Representative Plaintiffs and 13 others who opted-in prior to conditional certification. (ECF No. 31.)

5.      On January 22, 2021, the Court granted Plaintiffs' Motion for Conditional Certification (ECF No. 49), and ultimately approved the Parties' Notice Plan and the issuance of the Court-approved Notice to a putative collective defined as:

> All individuals employed at Walmart Tire & Auto locations in positions, job titles, job codes, job classifications of "Automotive Technician and all other similar nomenclature including but not limited to, Tire & Auto Specialist" and other positions in Walmart Tire & Auto locations) performing substantially identical functions and/or duties, currently or formerly employed by Defendant Walmart, Inc. and/or its predecessors or successors in interest in the United States between 3 years prior to the filing of this suit and the date of final judgment in this matter who were employed full time in such positions. This includes all full-time Walmart Tire & Auto employees who are subject to Defendant Walmart's meal break policy.

(Revised Proposed Notice, ECF No. 60-1; Order Approving Proposed Notice, ECF No. 61.)

2

6. Following the issuance of Court-authorized Notice, Representative Plaintiffs filed notices of consent by additional Opt-In Plaintiffs. (ECF Nos. 63, 65-67, 70-130, 132-133, 135, 147).

7. The Parties ultimately reached their proposed Settlement following a mediation the Parties attended on March 4, 2025.

8. Prior to negotiating the Settlement, the Parties engaged in and completed substantial discovery, engaged in extensive motion practice, including but not limited to briefing on Plaintiffs' Motion for Conditional Certification, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, and Defendant's Motion to Decertify Plaintiffs' Collective FLSA Claims, and attended mediation twice with two different mediators.

9. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of the claims against Defendant, including researching the applicable law and the potential defenses.

10. The Parties agree that this Settlement is fair, adequate, and reasonable.

11. There is a *bona fide* dispute in this case, as the Parties dispute: whether Defendant violated the FLSA; whether the alleged unpaid work performed by Plaintiffs was compensable under the FLSA such that Plaintiffs are entitled to overtime compensation; the amount of time Plaintiffs spent performing the alleged unpaid work and whether it was *de minimis*; and whether this case can be maintained as a collective action. Moreover, while Defendant contends that Plaintiffs could not succeed on the merits of their claims, even if they could, the Parties also dispute whether Defendant has a good faith defense that would preclude an award of liquidated damages, and whether Defendant's conduct was willful, and thus, whether the two-year or three-year statute of limitations applies.

12.     To determine whether a proposed FLSA settlement is fair, reasonable, and adequate, this Court considers: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff[s'] success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-CV-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citations omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *3 (S.D. Ohio June 24, 2011) (Black, J.) (citations omitted). The Court also has a responsibility "to ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sep. 9, 2016) (Marbley, J.) (citations omitted). "Additionally, when a settlement agreement proposes an award of attorney's fees, such fees must be reasonable." *Clevenger*, 2015 WL 12681645, at *1; *see* 29 U.S.C. § 216(b) (A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

13.     For the reasons stated in the Unopposed Motion for Approval (ECF No. 208) and accompanying papers, the Court hereby accepts and approves the proposed Settlement and holds that the proposed Settlement is a fair and reasonable settlement of a *bona fide* dispute.

14.     The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

15.     The Court approves the payment of attorney's fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

16.     The Court approves the Service Award Payments to the Representative Plaintiffs

4

in recognition of their services in the Action, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

17.     For the reasons stated herein, the Unopposed Motion for Order to Approve Fair Labor Standards Act Collective Action Settlement (ECF No. 208) is **GRANTED**. Any pending deadlines are stricken as moot, and the following motions are **DENIED AS MOOT:** Motion to Decertify Plaintiffs' Collective FLSA Claims (ECF No. 169) and Motion to Strike Motion to Decertify Plaintiffs' Collective FLSA Claims Ex. K Declarations (Doc. 169-13) (ECF No. 181).

18.     Per the Parties' proposed order, each Party will bear its own attorney's fees and costs except as otherwise provided by the Agreement. The Court retains jurisdiction to enforce the Settlement.

19.     The Clerk is **DIRECTED** to enter judgment and close the case.


        **IT IS SO ORDERED.**


**2/25/2026**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**